IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JEROME COAST JR,** | : |
| **Plaintiff,** | : |
| VS. | : NO. 5:23-CV-00349-TES-CHW |
| **WARDEN BENJAMIN FORD,** *et al.*, | : |
| **Defendants.** | : |

## ORDER

Plaintiff Jerome Coast, Jr., an inmate presently incarcerated in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a *pro se* pleading that has been docketed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On October 10, 2023, Plaintiff was ordered to either pay the Court's full filing fee or move to proceed *in forma pauperis* and to recast his Complaint on the Court's standard form. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply could result in the dismissal of this action. *See generally* Order, Oct. 10, 2023, ECF No. 3.

The time for compliance passed without a response from Plaintiff. As such, Plaintiff was ordered to respond and show cause why this case should not be dismissed for the failure to comply with the Court's previous orders and instructions. Plaintiff was again given fourteen (14) days to respond, and he was again warned that the failure to comply with the Court's orders and instructions would result in the dismissal of his Complaint. *See generally* Order, Nov. 20, 2023, ECF No. 4.

The time for compliance has again passed without a response from Plaintiff. As Plaintiff was previously warned, the failure to comply with the Court's orders and instructions is grounds

2

for dismissing this case. This action is therefore **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").[1]

**IT IS SO ORDERED**, this 21st day of December, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.